## No. 4598.

### Mrs. Lucy L. Mann vs. Benjamin L. Mann.

The mere misunderstanding by counsel of remarks made by the Court, cannot afford legal reasons or excuses for not taking time by action in judicial proceedings.

. Judicial records cannot be impeached or contradicted by verbal evidence.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. *Ellis,* J.

*R. H. Marr* for Plaintiff and Appellee:

First—Opposition to the homologation of a partition must be made in writing, within the legal delay. C. P. 1030; R. C. C. 1375.

; Second—The party aggrieved by a judgment of homologation, can be relieved only by new trial; and a new trial cannot be granted to one who has permitted a judgment of homologation to be pronounced without opposition. Lang vs. Creditors, 14 La. 240; Succession of Macarty, 3 An. 384.

*Merrick, Race & Foster* for Defendant and Appellant:

First—The court may, in its sound discretion, grant a new trial *ex officio.* C. P, 547; Gale vs. Kemper's Heir, 10 La. 209.

Second—This discretion must be a *legal* discretion. 3 N. S. 100; 4 N. S. 132.

Third—Where, by use of reasonable diligence, the party could not have known that the court would take up the case, a new trial should be granted. Riley vs. City of Louisville, 2 An. 965.

Fourth—A new trial should always be granted to obtain the ends of justice. 1 Rob. 192; Wilkins vs. East Baton Rouge, 10 Rob. 57.

Fifth—A new trial *must* be granted when there are good reasons therefor. C. P. 558; 10 Rob. 57.

The opinion of the court was delivered by

Levy, J. This appeal is taken from a judgment overruling a motion of defendant to set aside a judgment homologating a partition made in the above entitled suit.

Appellant contends that the refusal to set aside the judgment, practically refusing a new trial of the homologation, works an injustice because he had prepared and was ready to file his answer or opposition, and he failed to do so, because his counsel was under the impression that the court would transact no business on the civil docket during the term at which the judgment of homologation was rendered, and this impression was created by remarks which he understood the presiding judge to make to that effect. There is conflicting testimony in regard to the matter; the judge himself declaring that he had made no such remark and given no such intimation. It appears that the notarial act of partition, made under order of court, was filed on the 5th August, 1872; and on the same day plaintiff filed a petition, on which the court granted an order, requiring defendant to show cause in ten days after service why the partition should not be homologated. Service was made on defendant, in person, by the sheriff of the parish of Orleans, the place of his residence, on 19th November, 1872. On 15th January, 1873, nearly sixty days after service, the motion to homologate was fixed for trial. There was no appearance by defendant, no answer, exception nor opposition.

The mere mistake, misunderstanding or misapprehension by counsel of remarks made by the judge cannot afford legal reasons for or excuse them for not taking timely action in urging objection, oppositions, or filing answers. Besides, as to proceedings had in open court, it has been frequently held that the minutes of the court are conclusive as to the fact, and the nature thereof. Judicial records cannot be impeached or contradicted by verbal evidence. Green vs. Reagan, 32 An. 974; 3 An. 631.

The judgment appealed from is affirmed with costs.